UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,                            Case No. 3:20-cr-64-5

vs.

ISAIAH COOPER., *et al*.,                    District Judge Michael J. Newman

      Defendants.

---

**ORDER GRANTING DEFENDANT ISAIAH COOPER'S MOTION FOR A
COMPETENCY EXAMINATION (DOC. 61)**

---

      This criminal case is before the Court on Defendant Isaiah Cooper's motion for a competency examination in which Defendant's attorney, an officer of the Court, represents her belief that Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  Doc. 61.  Based upon counsel's representations, the Court finds reasonable cause to believe that Defendant may suffer from a mental disease or defect that renders him mentally incompetent to presently stand trial. Accordingly, the Court **GRANTS** Defendant's motion and **ORDERS**, pursuant to 18 U.S.C. §§ 4241(b), 4247(b) and (c), that Defendant be examined by Dr. Massimo DeMarchis, Psy.D. Such examination shall be paid for by the Department of Justice.

      The Court will contact Dr. DeMarchis and request that he contact defense counsel. Thereafter, the Court **ORDERS** that defense counsel make arrangements directly with Dr. DeMarchis for the evaluation and assist in assuring Defendant's cooperation with the examination. The Clerk shall promptly transmit to Dr. DeMarchis all bond reports, if any, and a complete copy

of the pleadings in this case not filed under seal.  Defense counsel may provide further materials to Dr. DeMarchis for his review, and copies of any such materials shall be provided to the government.  Dr. DeMarchis's report of the examination shall promptly be submitted by him to the Court.

Insofar as Defendant's speedy trial rights may be implicated, and to the extent the speedy trial date is not tolled pursuant to 18 U.S.C. § 3161(h)(1)(A), the Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A), after considering the factors set forth in 18 U.S.C. § 3161(h)(7)(B), the ends of justice are served by continuing proceedings in this case so that Defendant can be evaluated, and that such continuance outweighs the best interests of the public and Defendant in a speedy trial.  Failure to continue proceedings pending evaluation of Defendant would result in a miscarriage of justice by requiring counsel for Defendant to prepare a defense without assurance that Defendant is mentally competent.  Thus, any applicable speedy trial calculation is **TOLLED** pending a final determination of Defendant's competency to stand trial.

**IT IS SO ORDERED.**

Date:   November 20, 2020                                    s/ Michael J. Newman
                                                            Michael J. Newman
                                                            United States District Judge